UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLIQ INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL TRADE COMMISSION, <br><br> Defendant. | Civil Action No. 26-488 |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Cliq Inc. brings this suit against the Federal Trade Commission asking the Court to require the FTC to remove a press release from its website that has harmed Cliq's ability to conduct its business and to enjoin the FTC from making further public statements about Cliq. See ECF No. 3-1 (Compl.) at 20–21.

Cliq is a processor of payments for merchant accounts. Id., ¶ 7. Between 2009 and 2010, it provided services to iWorks, acting as an independent sales organization (ISO) by helping the company register for payment-processing services. Id., ¶ 24. In 2014, the FTC conducted an investigation and ultimately concluded that iWorks "was engaged in deceptive practices involving 'trial memberships' that resulted in unauthorized recurring charges to customers." Id., ¶ 25. In a separate lawsuit, the FTC also alleged that Cliq's assistance in helping iWorks obtain payment processing services constituted an unfair practice. Id. To avoid litigation, Cliq and the FTC resolved this dispute through a consent judgment, which required it to "refrain from providing payment[-]processing services, or acting as an ISO for certain

1

categories of merchant accounts. It further required Cliq to perform extensive due diligence on merchant clients that featured certain characteristics or crossed certain thresholds." Id., ¶ 26.

In 2025, the FTC filed a sealed motion for contempt against Cliq in federal court in Nevada, alleging that Cliq had violated the consent order by failing to conduct the required due diligence on merchant clients. Id., ¶¶ 47–48. In 2026, this contempt motion was unsealed by the Nevada Court, id., ¶ 55, and the FTC subsequently published a press release publicizing the contempt filing against Cliq. Id., ¶ 56. The press release stated that Cliq and its officers "have 'flagrantly violated' the Consent Order and 'systematically' failed to 'prevent and detect fraud.'" Id., ¶ 57.

In bringing this suit here, Plaintiff asserts that the FTC's press release imposes a stigma on Cliq that the company is engaged in "systemic facilitation of fraud." Id., ¶ 77. As a result, Cliq contends, the FTC is "destroying Cliq's goodwill with its banks." Id., ¶ 79. Plaintiff filed a Motion with this Court to seal certain portions of this Complaint that relate to its confidential information and business practices. See ECF No. 3 (Mot.). Cliq also filed a declaration in support of this Motion, asserting that revelation of the confidential information would "put Cliq at a competitive disadvantage in its industry." ECF No. 3-2 (Declaration of Joanna Oliva), ¶¶ 6. The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

**I.     Legal Standard**

Generally, a plaintiff filing a civil action must identify the parties and file on the public docket. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  "The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)).  When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980).  Those factors are:

> (1) the need for public access to the documents at issue;
> (2) the extent of previous public access to the documents;
> (3) the fact that someone has objected to disclosure, and the identity of that person;
> (4) the strength of any property and privacy interests asserted;
> (5) the possibility of prejudice to those opposing disclosure; and
> (6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

**II.    Analysis**

Plaintiff has met its burden to overcome the presumption in favor of public access to court records.  The Court will address each Hubbard factor in turn.

The first — "the need for public access to the documents at issue," id. — counsels in favor of sealing.  While the presumption of transparency is normally "accentuated in cases" like this one "where the government is a party," United States v. All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d 71, 81 (D.D.C. 2020) (quoting Nat'l Children's Ctr., 98 F.3d at 1409), Plaintiff is seeking to partially seal only certain portions of the Complaint related to confidential business information.  See Oliva Decl., ¶¶ 6–10.  Partial redactions of confidential business information are proper when the basic facts of the complaint, such as the cause of action and

3

theory of liability, remain accessible on the public docket, as is the case here. FTC v. Seven & I Holdings, Co., 2023 WL 11730304, at *1 (D.D.C. Dec. 6, 2023).

The second factor similarly counsels in favor of sealing. In assessing this factor, the court "should consider the public's previous access to the sealed information, not its previous access to the information available in the overall lawsuit." CNN v. FBI, 984 F.3d 114, 119 (D.C. Cir. 2021). There is no doubt that the public has access to the overall subject of this suit — namely, Cliq's alleged violation of the relevant consent order. The FTC has published a press release informing the public that it has filed a contempt action against Cliq for violating the consent order and that it has asked a District Court in Nevada to ensure that Cliq abides by the consent order. See Press Release, F.T.C., FTC Asks Court to Hold Payment Processors in Contempt for Systematically Violating 2015 Order (Jan. 13, 2026), https://perma.cc/UJR3-DRJT. To the Court's knowledge, however, the public has never had access to the information hiding beneath the current redactions, which include Cliq's confidential business information. See Oliva Decl., ¶ 10 ("All of the information listed above is confidential and sensitive business information.").

The third factor also tips in favor of sealing. "[T]he fact that a party moves to seal the record weighs in favor of the party's motion." Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010). As is customary at this stage, no objection to the Motion has been lodged.

The fourth factor — "the strength of any property and privacy interests asserted," Nat'l Children's Ctr., 98 F.3d at 1409 — weighs strongly in favor of sealing. "[C]onfidential business information that should be kept private for competitive business reasons" has been recognized by courts in this district as an interest strong enough to merit non-disclosure. All Assets Held, 520 F. Supp. 3d at 83; see also Vanda Pharms., Inc. v. FDA, 539 F. Supp. 3d 44, 57 (D.D.C. 2021)

("[T]he fourth Hubbard factor weighs strongly in favor of keeping confidential . . . proprietary information under seal . . ."). Because the information currently redacted contains sensitive business information that could be used by Plaintiff's competitors, "the privacy interests are substantial." Michaels v. NCO Fin. Sys., Inc., 2023 WL 4857413, at *5 (D.D.C. July 31, 2023).

The fifth factor, which considers possible prejudice to the party seeking the seal, weighs against granting Plaintiff's Motion. Whether prejudice exists in this context depends on "whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal." All Assets Held, 520 F. Supp. 3d at 85 (quoting United States ex rel. Durham v. Prospect Waterproofing, Inc., 818 F. Supp. 2d 64, 68 (D.D.C. 2011). This prejudice must be distinct from any harm that the party seeking the seal might suffer from disclosure of business information to competitors. Vanda Pharms., 539 F. Supp. 3d at 57 ("[Plaintiff] has not identified any prejudice it would suffer from disclosure apart from the competitive harm discussed at length under factor four."). Because Cliq has not identified any prejudice to future litigation separate from disclosure of confidential business information, this factor does not move the needle.

The sixth and final factor concerns "the purposes for which the documents were introduced during the judicial proceedings." Nat'l Children's Ctr., 98 F.3d at 1409. Disclosure is the norm where "the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute." Vanda Pharms., 539 F. Supp. 3d at 57 (citation omitted). Cliq "voluntarily commenced a public proceeding . . . and invoked the jurisdiction of this Court to do so." Upshaw v. United States, 754 F. Supp. 2d 24, 30 (D.D.C. 2010). There is no doubt, moreover, that it "intended for the Court to rely on the sealed documents" — the Complaint — in deciding this case. Michaels, 2023 WL 4857413, at *5; see also Guttenberg v. Emery, 26

F. Supp. 3d 88, 96 (D.D.C. 2014) ("The more relevant a pleading is to the central claims of the litigation, the stronger the presumption of unsealing the pleading becomes.") (citation omitted). This factor, like the previous one, weighs against sealing as Cliq is the party introducing the document to be sealed.

At the end of the day, four of the Hubbard factors weigh in favor of sealing, while two cut the other way. See Vanda Pharms., 539 F. Supp. 3d at 58–59 (permitting plaintiff to redact information in complaint relating to its proprietary business information despite only satisfying Hubbard factors three and four). It is also significant that Plaintiff seeks to seal only certain confidential business information rather than the entire Complaint. The Court will thus grant Cliq's Motion to Partially Seal aspects of the Complaint concerning confidential business information.

### III.   Conclusion

The Court accordingly ORDERS that:

1. Plaintiff's [3] Motion For Leave to File Complaint Under Seal is GRANTED; and
2. Plaintiff's [3-1] unredacted Complaint shall remain sealed, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date:  March 3, 2026